**Maritime Complaint – Rockland Marine v. M/V Rachel Goodwin**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **ROCKLAND MARINE CORPORATION**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**M/V RACHEL GOODWIN,**<br>**JOSHUA GOODWIN, and**<br>**GOODWIN MARINE SERVICES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT** |

NOW COMES Plaintiff Rockland Marine Corporation, Inc. (hereinafter "Plaintiff" or "RMC"), by and through its below signed counsel, and submits the following Verified Complaint against Defendants M/V RACHEL GOODWIN, Joshua Goodwin, and Goodwin Marine Services (hereinafter "Defendants" or "Goodwin"):

**VERIFIED COMPLAINT**

Plaintiff Rockland Marine Corporation ("RMC"), by and through its undersigned counsel, brings this Verified Complaint against the Defendants and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is a civil action within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333.
2. This is also an *in rem* action against the vessel M/V RACHEL GOODWIN (the “Vessel”) pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims.
3. Venue is proper in this District because the Vessel is or will be found within this District during the pendency of this action.

## II. PARTIES

4. Plaintiff is a Maine corporation with a principal place of business in the City of Rockland, County of Knox, State of Maine.
5. Defendant M/V RACHEL GOODWIN is a vessel documented under the laws of the United States, and is subject to arrest in this District.
6. Upon information and belief, Defendant Joshua Goodwin is an individual residing in Massachusetts and is the owner and/or operator of the Vessel.
7. Upon information and belief, Defendant Goodwin Marine Services is a business entity affiliated with Joshua Goodwin and involved in the operation and management of the Vessel.

## III. FACTUAL ALLEGATIONS

8. Between on or about August 9, 2025 and December 31, 2025, Plaintiff provided extensive labor, materials, and services to the Vessel.

9. The services provided by Plaintiff constituted "necessaries" within the meaning of 46 U.S.C. § 31301 et seq., including but not limited to repair, maintenance, and improvement of the Vessel.

10. All such services were provided at the request of, or with the authorization of, Defendants.

11. Plaintiff performed all work in a good and workmanlike manner.

12. On or about December 31, 2025 Plaintiff provided Defendants an invoice in the amount of $477,932.23. (Attached as Exhibit A).

13. The invoice reflects a reduction of approximately $50,000 in response to issues raised by Defendants.

14. Despite demand for payment, Defendants have failed and refused to pay the outstanding balance.

15. After demand, Defendants paid $238,000.00, leaving $239,932.23 due and owing Plaintiff.

16. As a result, Plaintiff has not been paid for necessaries furnished to the Vessel.

## COUNT I – MARITIME LIEN (IN REM)

15. Plaintiff repeats and realleges paragraphs 1–14 as if fully set forth herein.

16. Plaintiff provided necessaries to the Vessel on the order of the owner or a person authorized by the owner.

17. Pursuant to 46 U.S.C. § 31342, Plaintiff holds a maritime lien against the Vessel.

18. The lien arose at the time the services were rendered and remains unpaid.

19. The Vessel is therefore liable in rem for the amount owed.

**COUNT II – BREACH OF CONTRACT (IN PERSONAM)**

20. Plaintiff repeats and realleges paragraphs 1–19 as if fully set forth herein.

21. Plaintiff and Defendants entered into an agreement for the provision of marine services.

22. Plaintiff fully performed its obligations under the agreement.

23. Defendants breached the agreement by failing to pay the amounts due.

24. As a direct and proximate result, Plaintiff has suffered damages in the amount of $239,932.23, plus interest, costs, and attorneys' fees where allowed.

**COUNT III – UNJUST ENRICHMENT (IN PERSONAM)**

25. Plaintiff repeats and realleges paragraphs 1–24 as if fully set forth herein.

26. Plaintiff conferred a substantial benefit upon Defendants by providing labor, materials, and services to the Vessel.

27. Defendants knowingly accepted and retained the benefit of those services.

28. It would be inequitable for Defendants to retain the benefit of Plaintiff's services without payment.

29. Plaintiff is therefore entitled to restitution in an amount to be determined at trial, but not less than $239,932.23.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a warrant for the arrest of the M/V RACHEL GOODWIN pursuant to Rule C;

B. Enter judgment in favor of Plaintiff on all counts;

C. Award Plaintiff damages in the amount of $239,932.23, or such other amount as proven at trial;

D. Award pre-judgment and post-judgment interest as allowed by law;

E. Award costs and attorneys' fees where permitted;

F. Order the sale of the Vessel to satisfy the maritime lien if the judgment is not paid; and

G. Grant such other and further relief as this Court deems just and proper.

**VERIFICATION**

I, Regan Parini, certify under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Date: August 19, 2026

*/s/: Regan Parini*
Authorized Representative
Rockland Marine Corporation

Dated: August 19, 2026

*/s/: Patrick J. Mellor, Esq.*
Patrick J. Mellor, Esq., Bar #8856
Attorney for Plaintiff
Strout & Payson, P.A.
10 Masonic Street, P.O. Box 248
Rockland, ME 04841
(207) 594-8400
mellor@stroutpayson.com